### Coccaro, Appellant, *v.* Herman Coal Company et al.

82

Argued April 22, 1941.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*James E. Marshall,* of *Marshall & McCandless,* for appellant.

John L. Wilson, for appellee.

OPINION BY HIRT, J., June 30, 1941:

On June 4, 1938, J. B. Coccaro, claimant's husband, was killed in an accident when the coal tipple, on which he was pushing loaded cars, collapsed. The board on the appeal of the insurance carrier affirmed the award of the referee on the finding that he then "was an employee of a cooperative unincorporated association known as Herman Coal Company" and that the carrier was liable. The lower court, on appeal, concluding that the testimony established that decedent was an employer and not an employee, reversed and entered judgment for defendants.

There are facts which are not in dispute. In 1937 Coccaro had entered into a written lease agreement with the owner of the mine giving him the right to mine coal for a consideration based upon tonnage and payable as the coal was produced. For several months he operated the mine with a partner, on an arrangement with which we are not concerned. On the termination of that relationship he entered into another partnership agreement in writing on March 21, 1938, with Ralph Palmer and Leonard Macefe. These three interested fourteen other miners who were then out of work and each of them, to qualify for employment under the terms imposed, deposited $25 in a fund to be used as an advance payment for electric power and for workmen's compensation insurance. It was agreed that from the sale of coal each should be paid wages, Coccaro, Palmer, and Macefe at agreed per diem rates; the others on a tonnage basis according to the coal produced. During the one month of operation preceding Coccaro's death, wages were paid to each on that basis. Coccaro was treasurer of the venture and all disbursements were made by checks signed by him, up to the time of his death. The business address of Herman Coal Company was the residence of Coccaro and all of the records of

the mining operation were kept there by his son.  J. B. Coccaro in his own name, alone, *as the employer trading as Herman Coal Company* secured a compensation policy from defendant insurance carrier.  Herman Coal Company was not registered as a business conducted under a fictitious name.

From additional oral testimony the compensation authorities found that the partnership agreement with Palmer and Macefe had been abandoned before operations were begun and that the defendant Herman Coal Company, which actually worked the mine, was an unincorporated cooperative association formed for the purpose by the entire group, including Coccaro, on an even footing.  There is evidence that in operating the mine they had no "boss" though to comply with the law they designated Coccaro mine foreman because he alone was certified under the Act of April 7, 1925, P. L. 174, 52 PS §852.  This evidence was to the effect that all had equal rights, with no power to hire or discharge a member except as a group.  Coccaro was found to be an *employee* of the association.

It is no objection to the award that it is based upon a liberal construction of the testimony in the face of serious disputes, and since the basic facts, as found, are sufficiently supported by competent evidence they may not be disturbed on appeal.  Herman Coal Company did not appeal from the award of the referee.  The record shows an appeal by defendant insurance carrier alone.  Therefore the subsequent appeals of Herman Coal Company to the common pleas and to this court were nullities.  *Wise v. Cambridge Springs Boro.*, 262 Pa. 139, 104 A. 863; *Carrara v. Hallston Coal Co.*, 137 Pa. Superior Ct. 151, 8 A. 2d 484.  We, however, are not called upon to determine the liability of the cooperative association.  The sole controversy here is between claimant and the insurance carrier.

The issue between claimant and defendant insurance carrier, properly before us on this appeal, in our view,

is governed by a construction of the indemnity contract entered into by Coccaro, and not by his actual status in the operation of the mine.

The lower court, in reversing the board, considered Coccaro's written application for compensation insurance as a part of the evidence. This we may not do for a copy of the signed application was not attached to the policy. Act of May 17, 1921, P. L. 682, 40 PS §441. But in the policy itself there are declarations of the insured which state that the employer is an *"individual"* and the name of the employer is *"Herman Coal Company; J. B. Coccaro t/a* Post office address 413 Virginia Avenue, Butler, Pa.,*" Coccaro's place of residence. The policy specifically is made subject to and was issued upon, the above declarations. By the policy the insurer agreed *"with this employer named and described as such in the declarations forming a part hereof ...... to indemnify this employer* against loss by reason of liability imposed upon him by law for damages on account of such injuries to such of said *employees* as are legally employed." It provides: "This agreement shall apply to such injuries sustained by any person or persons *employed by this employer."* (Italics supplied.) Nowhere in the policy is liability assumed for injury to Coccaro, the *employer,* and there is no evidence that premiums were accepted for that risk.

The policy in this case complied with the statute (Act of May 17, 1921, P. L. 682, §651, 40 PS §811) and under it the carrier became primarily liable to the parties, entitled to indemnity, for all sums that may be awarded. The act requires that the insurance carrier agree to be responsible directly to the employee for the payment of compensation. *Levan v. Pottstown P. Ry. Co.,* 279 Pa. 381, 124 A. 89; *Span v. Acci. & Guar. Corp.,* 92 Pa. Superior Ct. 418. But when indemnity contracts comply with the law, as in this case, and an accident occurs on the premises contemplated by the policy the

carrier is not necessarily liable for compensation. It still remains the duty of the compensation authorities and the courts to determine the coverage of the policy. *Levan v. Pottstown P. Ry. Co.,* supra; *Nilsson v. Nepi Brothers,* 138 Pa. Superior Ct. 107, 9 A. 2d 912. The question of the carrier's liability therefore may become an issue distinct from that presented in the claim against an employer and is not necessarily controlled by the entry of an award or judgment against the latter.

We cannot alter the unequivocal language of the policy and thereby enlarge its scope. *Topkis v. Rosenzweig,* 333 Pa. 529, 5 A. 2d 100. An employer as such is not entitled to compensation under the Act, *Nirenstein v. Colang, Inc.,* 111 Pa. Superior Ct. 72, 169 A. 404, and if it is the purpose to insure an employer while performing labor, that purpose must be indicated by the terms of the policy and unless the policy is written to cover employers, no liability is imposed on the carrier for injury to them. *Lyle v. H. R. Lyle Cider & Vinegar Co.,* 243 N. Y. 257, 153 N. E. 67; *Amish v. Amish et al.,* 204 N. Y. S. 439. One cannot become an employee of himself and thus occupy the anomalous position of both employer and employee, defined by the act as the equivalent of master and servant, 77 PS §§21, 22. Coccaro's declaration in the policy, upon which it issued, that he is the employer determines his rights and those of the insurer under the contract regardless of the latter's liability to other workmen as employees. 71 C. J. p. 915, §651. An insurer cannot exclude from the policy employees entitled to compensation, but, since no liability attaches by law for injury to the employer, it is not liable under the policy unless that risk is assumed. Decedent by the terms of his contract was excluded from its operation. Cf. *Industrial Commission v. Bracken,* 83 Colo. 72, 262 P. 521; *Fontana v. Integrity Mut. Casualty Co.,* 120 Kan. 406, 243 P. 1035.

The judgment in favor of defendant insurance carrier

is affirmed; the appeals of Herman Coal Company, a cooperative association, to the lower court and to this court are quashed.