Vester S. VOSS, (Plaintiff) Respondent,

v.

MERCHANTS DAIRY COMPANY and Standard Accident Insurance Company, (Defendants) Appellants.

No. 31171.

St. Louis Court of Appeals.

Missouri.

Dec. 17, 1963.

Motion for Rehearing or for Transfer to Supreme Court Denied Jan. 16, 1964.

J. D. Leritz, Joseph L. Leritz, and Leritz & Leritz, St. Louis, for appellants.

Charles W. Medley, McClintock & Medley, Flat River, for respondent.

SAM C. BLAIR, Special Judge.

This is an appeal from the judgment of the Circuit Court of St. Francois County, affirming an award of the Industrial Commission, in the amount of $4,147.70 in favor

of Vester S. Voss, against the appellant Merchants Dairy Company. Standard Accident Insurance Company, the other appellant, is Merchants Dairy Company's insurer. Voss claims he sustained injuries on October 29, 1957, at the company's plant while, "checking gauge on ammonia receiver tank and was caught by belt, causing him to be thrown into another machine, striking his head" and inflicting various other injuries.

█ Challenged first by appellants is the Commission's finding that the claimant was an employee of Merchants Dairy Company within the meaning of Section 287.020(1), RSMo 1959, V.A.M.S., at the time of his injuries. This section defines "employee" as " * * * every person *in the service of any employer,* as defined in this chapter, under any contract of hire, express or implied, oral or written, or under any appointment or election. * * * " (Emphasis supplied.) Of course, it was claimant's burden to establish that he was such an employee. Ott v. Consolidated Underwriters, Mo.App., 311 S.W.2d 52, 55; 29 A.Mo.D., Workmen's Compensation, ⊜1348.

Appellants contended before the Commission, as they do here, that the referee under the evidence was not justified in finding that claimant was an employee of Merchants Dairy Company. On the contrary, they contend that all of the evidence affirmatively established, and without any dispute, that claimant and Lee Oscar Stroup were the sole owners of the company and that claimant was the president and manager of the company, with neither superiors nor control over him, and was therefore not an employee under the Act. The only evidence before the referee and the Commission on this issue was the testimony presented by claimant:

"Question: Mr. Voss, in October of 1957, where were you employed?

"Answer: Merchants Dairy.

"Question: And what was your position in Merchants Dairy?

"Answer: I was president and manager and half-owner with Mr. Stroup.

"Question: What were your duties as president of the company?

"Answer: Well, as any manager of a small company—Well, I did whatever *I* thought *I* should do at the time. Pretty principally I had charge of promotion and sales, but if there was any work around the plant that needed doing day or night or holidays or Sunday I did it.

 \*    \*    \*    \*    \*    \*

"Question: And how long had you been in the dairy business on your own?

"Answer: Well, now I can't give you an exact date when Stroup and I bought out the other partners but we bought out the stockholders. We bought out three of them, I would say, approximately in 1939 and then another stockholder bought in with us and then in 1942, I think it was, we bought her out. That left the two of us (Voss and Stroup). I believe it was 1942. I wouldn't say for sure. *We have been the owners of it since then. The two of us."*

Stroup testified: "I was the plant manager and also I was treasurer of the company." There was no contrary or other evidence presented on this issue.

█ At the start of the hearing, the referee put the following questions to the parties and received the following answers:

"REFEREE: Is it admitted that on or about the 29th day of October, 1957, that Vester S. Voss was an employee of Merchants Dairy Company, Inc., and was working under the provisions of the Missouri Workmen's Compensation Law?

"MR. LERITZ: It is admitted that he was president of the corporation and

was working under the Missouri Workmen's Compensation Law.

"REFEREE: Is it admitted that on or about the 29th day of October, 1957, that Vester S. Voss sustained an injury by accident arising out of and in the course of his employment?

"MR. LERITZ: That is denied."

Claimant contends that by reason of the above admission that he "was working under the provisions of the Missouri Workmen's Compensation Law" he was perforce entitled to the beneficial coverage of the Act, and that the admission precludes this court from ruling that he was not an employee under the Act, notwithstanding the testimony he presented. Examining the admission we find that appellants not only did not admit that claimant was an employee, but that they asserted instead that he was "president of the corporation" and expressly denied that he "sustained an injury by accident arising out of and in the course of his employment." Moreover we find that claimant did not rely on the admission that he "was working under the provisions of the Missouri Workmen's Compensation Law." On the contrary, he testified that he was president and manager of the corporation and one of the two owners. He did not testify that he was an employee or that he was subject to the control of anyone, even Stroup, and he did testify, "I did whatever *I* thought *I* should do at the time." We think claimant's evidence disproved his claim that he was an employee for reasons we will presently discuss with more particularity.

Therefore, our view is that claimant cannot now rely on the statement that he was working under the provisions of the Act. For, if that was an admission, as he argues, it was a conclusion of law and not an admission of fact. Stockton v. Tester, Mo.App., 273 S.W.2d 783, 786. "As was held in Crockett v. Morrison, 11 Mo. 3, 'it is well settled that the admission of a party in relation to a question of law is no evidence.'" Wright v. Quattrochi, 330 Mo. 173, 49 S.W.

2d 3, 7. Furthermore, the purported admission clearly was not made by appellants to deceive or to mislead claimant. There is nothing to indicate that he was misled or induced to do or omit to do anything he would have done or omitted if the purported admission had not been made. In his brief he makes no tangible suggestion that he did or omitted to do anything as a result of the admission, nor does he deny that he himself presented to the referee and to the Commission all facts he cared to present relevant to his connection with the Merchants Dairy Company. Under these circumstances the statement that he was working under the provisions of the Act was not binding on the referee, the Commission or appellants, for, in identical circumstances, this court, dealing with an identical admission in a workmen's compensation case, said: "It is a well established principle of law that where a party does not rely upon a judicial admission of his adversary, but introduces evidence which has the effect of disproving his case, the party making the admission is not bound by his admission. * * *" Plemmons v. Pevely Dairy Co., Mo.App., 233 S.W.2d 426, 434. The ruling relied on by claimant, Probst v. St. Louis Basket & Box Co., 200 Mo.App. 568, 207 S.W. 891, 894, is of no relevance for it deals only with an admission of fact and not with one of law.

Accordingly we must disregard the admission and rely alone on the circumstances and testimony present in this record in analyzing the question whether claimant, and we think he did not, carried his burden to establish by sufficient competent evidence that he was an "employee" "in the service" of Merchants Dairy Company within the meaning of Section 287.020(1), 287.490, subd. 1(3) (4), RSMo 1959, V.A.M.S. Examining the record more particularly, we view the evidence in the light most favorable to claimant, Smith v. American Car & Foundry Div., A.C.F. Ind. Inc., Mo.App., 368 S.W.2d 515, 516, but we are under strict obligation, as was the Commission, to refuse to approve the finding that claimant was an

"employee" if its only support is speculation, surmise, guesswork or conjecture. Muesenfechter v. St. Louis Car Co., Mo. App., 139 S.W.2d 1102, 1106.

Our courts define the term "employee" thus: "Our own statutory definition of employee is a 'person in the service of any employer.' In Maltz v. Jackoway-Katz Cap Co., 336 Mo. 1000, 82 S.W.2d 909, 912 [see also Rutherford v. Tobin Quarries, 336 Mo. 1171, 82 S.W.2d 918], this court said that 'the word service, as used, signified * * * controllable service.' This court also therein said that 'the framers of the act had in mind the law of master and servant and the relationship, duties, rights, and limitations arising out of the same'; and that 'the relationship is bottomed upon services * * to be rendered by the servant—whether by that name or one synonymous, as workman or employee * * *—to the other, whether as master or employer, and is peculiarly characterized by right of control vested in the latter.'" Soars et al. v. Soars-Lovelace, Inc., et al., 346 Mo. 710, 142 S.W.2d 866, 870; Gazzoli v. Star Novelty Company, Mo. App., 354 S.W.2d 296, 301. We must remember also that our courts have declared that, " * * * our Compensation Act intended to add to the cost of producing goods, to be borne by consumers, *only the charges of compensating employees* of industries for injuries, and *not for compensation for injuries to the owners of industries* * * *." Chambers v. Macon Wholesale Grocer Co., 334 Mo. 1215, 70 S.W.2d 884, 889.

█ We recognize the dual capacity doctrine that one who is an officer or stockholder of a corporation or both is not automatically denied the status of "employee," if sufficient competent evidence establishes that status. Gazzoli v. Star Novelty Company, supra, 354 S.W.2d p. 300. But we are at loss to understand, viewing all of the record disclosures, how the Commission pronounced claimant to be an "employee" "in the service" of the corporation without resorting to speculation, surmise, guesswork and conjecture. Claimant and Stroup were each half-owners of the corporation. How the policies of the corporation were established or dictated we do not know. Claimant was president and manager. Stroup was plant manager and treasurer. Exact definition of Stroup's contribution to the management of the plant cannot be gleaned from the record. As president and manager, claimant said he had charge of promotion and sales, "but if there was any work around the plant that needed doing day or night or holidays or Sunday I did it." Who decided what he, as president and manager, should do? Claimant said, "Well, I did whatever *I* thought I should do at the time." There is absolutely no evidence from any source bearing on the question whether he was "in the service" of the corporation in the sense of the Act, no evidence of any relationship of master and servant, no evidence that he rendered any "controllable service," or that Stroup, the other half-owner, or anyone else ever exercised any slightest control over anything he did. On the contrary, there is only his own evidence, uncontradicted by any circumstance or fact, that he did whatever *he* thought he should do, and that is the substance and sum of all relevant evidence on this issue. In the absence of contrary evidence, we can only assume that he was the sole judge of what he did and of when and how he would do it, controlled by no one.

For these reasons, we are convinced that any question whether claimant was an "employee" "in the service" of the corporation is plainly determined against him by the studied rulings in Chambers v. Macon Wholesale Grocer Co., supra, 70 S.W.2d p. 884; Soars, et al. v. Soars-Lovelace, Inc., et al., supra, 142 S.W.2d p. 866, and Gazzoli v. Star Novelty Company, supra, 354 S.W. 2d p. 296. The first two of these rulings are landmarks and there is no need to enlarge this opinion by reanalyzing them. They are now proverbial in the field of workmen's compensation law. We do not overlook that claimant was not a managing "partner," as in Chambers, or a majority stockholder managing the corporation and

holding virtually all of the stock, as in Soars and Gazzoli, and that for these reasons these rulings do not precisely correspond on the facts. Nonetheless, our analysis of their overall reasoning, despite whatever factual differences exist between them and this case, compels the conclusion that their fact differences are not of consequence here and that their rationale requires us to hold that claimant was not an "employee" "in the service" of the corporation and that the Commission's award must be reversed.

In view of this holding, it is unnecessary for us to rule the other questions presented to us by this appeal.

Accordingly, the judgment appealed from is reversed and the cause is remanded to the circuit court with the direction that it reverse the Commission's award.

ANDERSON, P. J., and PHIL H. COOK, Special Judge, concur.

RUDDY and WOLFE, JJ., not participating.