Benjamin F. **BETHEL**, Appellant,

v.

**SUNLIGHT JANITOR SERVICE and United States Fidelity & Guaranty Co.**, Respondents.

No. 59941.

Supreme Court of Missouri.

En Banc.

June 14, 1977.

Godfrey P. Padberg, St. Louis, for appellant.

Terry A. Bond, St. Louis, for respondents.

BARDGETT, Judge.

The issue is whether a sole proprietor of an unincorporated business—an employer—is eligible to receive workmen's compensation benefits as an employee when he is injured in an accident while performing duties regularly performed by one of his employees. The Industrial Commission denied compensation and the circuit court affirmed. The court of appeals, St. Louis district, affirmed and, after opinion, overruled plaintiff-appellant's motion for rehearing but sustained appellant's motion to transfer to this court pursuant to art. V, sec. 10, Mo.Const., as amended.

This court holds that a sole proprietor of an unincorporated business is not an "employee" of that business and, therefore, is not eligible to receive benefits under the workmen's compensation law of Missouri and affirm the judgment. Major portions of the court of appeals opinion of Simeone, J., are utilized without quotation marks.

Plaintiff Benjamin Bethel is the sole owner and operator of Sunlight Janitor Service and Window Cleaning Company,[1] an unincorporated business. On October 24, 1969, one of his employees did not report for work so Mr. Bethel proceeded to do the same work—washing windows—that the absent employee would have done had he been at work. While washing windows on a ladder, Mr. Bethel fell and was severely injured. As noted supra, compensation was denied on the sole ground that appellant was not an "employee" within the meaning of sec. 287.020, subsec. 1, RSMo Supp. 1975.

---

1. In his testimony before the referee, Mr. Bethel testified that he and his wife owned the business jointly. In the petition for review, Mr. Bethel alleged that the janitor service was a family partnership. In his brief filed in this court, he alleged that he was the "sole owner" of the business. Whichever view is taken, the legal effect is the same. There is no dispute that the company was not incorporated.

On this appeal appellant contends the lower court erred (1) in holding that he was not an employee within the meaning of sec. 287.020, subsec. 1, RSMo Supp. 1975, and (2) because denial of recovery deprives appellant of equal protection of law under the Fourteenth Amendment of the United States Constitution.

As to his first point, appellant argues that sec. 287.020, subsec. 1, was amended by the General Assembly in 1967 to permit executive officers of corporations to be eligible for workmen's compensation benefits and that the court of appeals, St. Louis district, in *Lynn v. Lloyd A. Lynn, Inc.,* 493 S.W.2d 363 (Mo.App.1973), held that a sole owner and manager of a corporation is eligible for benefits as an "employee", hence Mr. Bethel should also be entitled to such benefits. To deny him such benefits would be ". . . inconsistent not only with the spirit of that decision [*Lynn*], but with the Workmen's Compensation Act itself. . ." He urges that the Act be liberally construed, as in *Lynn,* 493 S.W.2d at 366, and that his status as an "employee" should have been determined by an analysis of ". . . whether or not he was exposed to the hazards of the occupation or industry at the time that he sustained the injury complained of . . ." and not on the basis of the employer-employee status.

On oral argument counsel urged us to adopt the "hazard of occupation" test, i. e., if the employer is performing the work of one of his employees he is eligible for compensation. He also argued that *Lynn v. Lloyd A. Lynn, Inc., supra,* indicates that the court should extend the benefits of compensation to the largest possible class of persons.

While there is no doubt that the equities of the situation favor Mr. Bethel, we are compelled, nevertheless, to affirm the decision denying him compensation benefits un-

der the present wording of the workmen's compensation law.

■ The workmen's compensation law which became effective in 1927 has for its legitimate purpose the amelioration of losses sustained by workmen or employees and his or her dependents received in the proper scope of work all in the interest of employees and the public welfare. Throughout the history of our compensation law, numerous appellate decisions detail the scope and purpose of the law. The purpose is to provide a simple and nontechnical method of compensation for injuries sustained by employees through accident arising out of and in the course of employment and to place the burden of such losses on industry.[2] Innumerable decisions indicate that the law is intended to enable an injured *employee* to recover compensation and to do away with the common law defenses and disabilities.

The Workmen's Compensation Act, Chapter 287, and the numerous sections therein, define, distinguish and set forth the rights, duties, exemptions and coverage of "employers" and "employees".

Our present law defines both "employer" and "employee". "Employee" is defined in sec. 287.020, subsec. 1, RSMo Supp. 1975. That section provides:

"1. The word 'employee' as used in this chapter shall be construed to mean every person in the service of any employer, . . . under any contract of hire, express or implied, oral or written, or under any appointment or election, including executive officers of corporations. . . ."

■ Appellant urges that since the General Assembly in 1967 amended the definition of employee to include officers of corporations the court should, in the light of *Lynn,* supra, extend eligibility to Mr. Bethel—the sole proprietor of his business. It

---

**2.** See the policy and purposes of the law in: *Seabaugh v. Garver Lumber Mfg. Co.,* 193 S.W.2d 370, 381 (Mo.App.1946), rev'd on other grounds 355 Mo. 1153, 200 S.W.2d 55 (Mo.banc 1947); *Reed v. Kansas City Wholesale Grocery Co.,* 236 Mo.App. 402, 156 S.W.2d 747, 750 (1941), Sec. 287.010, note 8, V.A.M.S.

The law has been denominated a "Workmen's Compensation Act" and not an "Employer's Compensation Act." *Soars v. Soars-Lovelace, Inc.,* 346 Mo. 710, 142 S.W.2d 866, 870 (1940).

is true that prior to the amendment of this subsection in 1967 it was held that " . . . one who is both chief officer and majority owner in actual control of operations [of a corporation] does not have the status of an employee under Workmen's Compensation Acts. . . ." *Soars v. Soars-Lovelace, Inc.*, supra, 142 S.W.2d at 869. But, because of the 1967 amendment, it was held in *Lynn*, supra, that " . . . it was the legislative intent to overrule *Soars* and its progeny. . . ." *Lynn v. Lloyd A. Lynn, Inc.*, supra, 493 S.W.2d at 365. It was also stated therein that:

"When the Legislature amended sec. 287.020(1), RSMo 1959, V.A.M.S., by including executive officers of corporations under the definition of 'employee,' it is our conclusion that they intended to include executive officers of corporations irrespective of whether or not these officers rendered controllable services or exercised control over the services of others. If by reason of their employment they were subjected to the hazards of the occupation or industry, then under the liberal extension of the Workmen's Compensation Act and the directive of the Legislature contained in this section, they should be considered employees within the terms of the act." *Lynn*, supra, 493 S.W.2d at 366.

█ But the plain fact is that by the amendment of sec. 287.020, subsection 1, in 1967, the General Assembly did not see fit to include owners or executive officers of any "business". The 1967 amendment did not expressly provide that the owner or sole proprietor or partner of any business should also be eligible for workmen's compensation benefits while performing the duties of an employee. The language of the statute is clear and unambiguous. We cannot alter the plain, ordinary and natural meaning of the words used. It is our duty to determine the meaning of the statute from the words used by applying the plain and natural meaning of the language. *Laswell v. Industrial Com'n of Missouri, etc.*, 534 S.W.2d 613, 616 (Mo.App.1976). Under the statute an employee is a person " . . . in the service of any employer, . . . under any contract of hire, express or implied, oral or written, or under any appointment or election, . . ." It cannot be judicially extended to include categories of persons not expressly provided in the statute.[3] Simply put, an "employer" is not an "employee" and is not within the express definition of an "employee" in the Act. For purposes of the Act in its present form an individual cannot, at one and the same time, be considered to be an employer and an employee. The Act throughout bespeaks of the rights, duties and limitations arising out of the "employer-employee" relationship. That relationship is bottomed upon services performed by an employee for an employer.

█ Because of the express, clear and unambiguous language of the definition of employee in our statute we are compelled to conclude that Mr. Bethel is not within the present terms of the law and hence is not eligible, under the circumstances, to receive workmen's compensation benefits.[4]

█ It has always been clear that eligibility for compensation benefits is determined by the terms and definitions set forth in the Workmen's Compensation Act, *Ward v. Curry*, 341 S.W.2d 830, 836 (Mo. 1960), and that the claimant has the burden

---

3. When the General Assembly desires to include or exclude categories of individuals eligible for compensation benefits it has done so by specific enactments. See, e. g., sec. 287.021, RSMo Supp. 1975—"employee" was broadened to include a sheriff or deputy sheriff; municipal employees were brought under the Act by amending sec. 287.090 in 1974; the chapter does not apply to "employment of farm labor or domestic servants including family chauffeurs, . . ." Section 287.090, subsec. 4.

4. In doing so we necessarily reject the "hazard of occupation" test urged by the appellant and adhere, for present purposes, to an "employer-employee" relationship test. Also we believe that *Lynn v. Lloyd A. Lynn, Inc.*, supra, is clearly distinguishable. We do not read *Lynn* as broadly as appellant urges us to do. *Lynn* dealt with a specific situation—a legal entity. The decision recognized the " . . . separate and distinct legal identities of decedent and Lloyd A. Lynn, Inc. . . ." *Lynn*, supra, 493 S.W.2d at 367.

to establish that he is an employee within the meaning of the statute, *Voss v. Merchants Dairy Company*, 373 S.W.2d 662, 663 (Mo.App.1963).

This conclusion finds support in numerous authorities in Missouri and elsewhere. In *Chambers v. Macon Wholesale Grocer Co.*, 334 Mo. 1215, 70 S.W.2d 884, 888–889 (1934), the widow of a partner in a business was denied compensation death benefits, the court holding:

"[T]he language and plan of our act clearly contemplates 'a relation between two opposite parties, of whom one is employer and the other employee.'

.    .    .    .    .

"[W]e think it is clear that our Compensation Act intended to add to the cost of producing goods, to be borne by consumers, *only the charges of compensating employees* of industries for injuries, and *not for compensation for injuries to the owners of industries*, whether such owner was an individual owner or a partnership owner."

Our conclusion is also supported by authorities in other jurisdictions. In *Rosamond Construction Company v. Rosamond*, 292 P.2d 392 (Okl.1956), the claimant was the sole owner of a company. The issue was whether a person may be an employer and at the same time his own employee. The Supreme Court of Oklahoma held that before a person is eligible for such benefits the relationship of employer and employee must first exist and that a person cannot be his own employee and employer at the same time, stating, 292 P.2d at 394:

"It is apparent from these provisions that the Workmen's Compensation Law,

in extending the protection and benefits therein provided to certain workmen in the event of injury, contemplated an employer and an employee as two separate parties, the liability for furnishing the protection to be borne by the employer and the benefits to be received by the employee. It is equally apparent that a person cannot be his own employee within the meaning of the Act and that unless there be an employer-employee relationship, no liability can arise thereunder."

In *Coccaro v. Herman Coal Co.*, 145 Pa. Super. 81, 20 A.2d 916 (1941) the Superior Court of Pennsylvania held that an employer was not entitled to compensation. "One cannot become an employee of himself and thus occupy the anomalous position of both employer and employee, .    .    ." *Coccaro*, supra, 20 A.2d at 919.[5]

Hence, until legislative amendments are made as urged by one of the commission members in a concurring opinion denying compensation in the case, we are bound by the express language of the statute. The issue is one of public policy, the resolution of which must be addressed to the General Assembly. There are too many intangibles, collateral matters and numerous other sections of the workmen's compensation law for us to hold that a sole proprietorship employer may also be an employee for purposes of workmen's compensation benefits.[6]

We have scrutinized all the authorities relied upon by the appellant. Most deal with the issue of whether an officer or director of a corporation is eligible to receive compensation benefits. None is dispositive of the precise issue before us. They are not controlling or dispositive of the specific issue presented.

---

**5.** See also *Crawford v. De Long*, 324 S.W.2d 25 (Tex.Civ.App.1959)—"[A] person cannot be both an employer and employee under the Workmen's Compensation Act.    .    .    ." l.c. 28; *Berger v. Fidelity Union Casualty Co.*, 293 S.W. 235 (Tex.Civ.App.1927), and annotations cited therein. Cf., however, *Keegan v. Keegan*, 194 Minn. 261, 260 N.W. 318 (1935), holding a partnership an entity with *Chambers v. Macon Wholesale Grocer Co.*, supra.

**6.** See, e. g., *Bailey v. Utah State Industrial Commission*, 16 Utah 2d 208, 398 P.2d 545, 547

(1965), where the statute specifically includes sole proprietors.

In *Chambers v. Macon Wholesale Grocer Co.*, supra, 70 S.W.2d 889–890, it is said:

"A change of actual relations so as to include, within an act providing compensation only for employees, those in such a fundamentally different relation from that of employer and employee, should not be made by construction of the act. If it is advisable to make such a change, it should be made by the Legislature.    .    .    ."

Appellant also contends that to deny him benefits would deprive him of equal protection of the law under the Fourteenth Amendment to the United States Constitution. He claims there is no rational basis for distinguishing between executive officers of corporations, who are permitted to recover under sec. 287.020, subsec. 1, RSMo Supp. 1975, and sole proprietors of an unincorporated business, such as himself.

In *City of New Orleans v. Dukes,* 427 U.S. 297, 96 S.Ct. 2513, 2516–2517, 49 L.Ed.2d 511 (1976), the United States Supreme Court said: "Unless a classification trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race, religion, or alienage, our decisions presume the constitutionality of the statutory discriminations and require only that the classification challenged be rationally related to a legitimate state interest."

The purpose of workmen's compensation laws has been stated numerous times in varying ways. See 287.010, RSMo 1969, V.A.M.S., Notes of Decisions (1) (2) (3) (8). In *Hickey v. Board of Education of City of St. Louis,* 363 Mo. 1039, 256 S.W.2d 775, 777 (1953), it was stated:

" 'The fundamental purpose of the Legislature in enacting the Workmen's Compensation Law was, *as a matter of public welfare,* to place upon industry the losses sustained by workmen and their dependents by reason of injuries and death arising out of an in the course of *employment* —the theory being that compensation for such losses should be paid by industry rather than to leave the injured employee or his dependents to bear such loss alone. . . .' "

The Legislature has seen fit to consider executive officers of corporations as employees of the corporation for the purpose of the Act. Section 287.020, subsec. 1, RSMo Supp. 1975. There is a rational reason for this. A corporation has an existence separate and apart from its executive officers regardless of whether or not those same officers own the corporation. An example of this principle is the fact executive officers are paid salaries by the corporation and in their capacities as executive officers they do not share in the corporation's profits. Sole proprietors or members of partnerships, however, have always been considered different from corporate officers. The former are not separate and distinct from the business they own.

The overall purpose of the Workmen's Compensation Act is to benefit *employees,* not employers. As noted supra, corporate officers prior to the 1967 amendment to 287.020, subsec. 1, were recognized as employees of the corporation for many purposes. The fact that the Legislature has recognized them as employees for the purposes of the Workmen's Compensation Act does not constitutionally compel that sole proprietors also be recognized as employees. The point is overruled.

The judgment is affirmed.

All of the Judges concur.