Dear Dr. Mallory:
This opinion is issued in response to your request for a ruling on the following question:
 "In making the annual adjustment provided for in Section 163.031(5), RSMo, Supp. 1978, should all districts in the lowest five percent, including those with a lesser amount per eligible pupil, as well as those with a greater amount per eligible pupil for the preceding year be used in computing the annual adjustment or should only those districts in the lowest five percent with an increase in the amount per eligible pupil for the preceding year be included in the computation?"
Section 163.031.5 provides:
 "5. (1) During the 1977-78 school year, no school district shall receive less per pupil in average daily attendance than it was apportioned during the 1976-77 school year under the provisions of subsections 1, 2, 4, 6, and 7 of section 163.031, RSMo Supp. 1976. In 1978-79 and each year thereafter for five years, those districts which would, under subsections 1, 2, and 3 of this section, be entitled to a smaller amount per eligible pupil than was received the preceding year shall receive a reduced amount per eligible pupil. Such reduction shall be twenty percent of the difference per eligible pupil between the entitlement under subsections 1, 2, and 3 and the amount per eligible pupil received under subsections 1, 2, 4, 6, and 7 of section 163.031. RSMo Supp. 1976, during the 1976-77 school year but in no instance shall a district receive less than the entitlement under subsections 1, 2, and 3, or $283 per eligible pupil, whichever is greater. The $283 base figure shall be multiplied annually by the same percent that the appropriation of state funds for the school foundation program is changed from the previous year and the product added to the amount per eligible pupil apportioned the previous year under this section. However, at no time shall the percent of this annual adjustment exceed the percent of annual adjustment for the mean average of the lowest five percent of the districts which receive an apportionment based upon subsections 1, 2, 3 and 4 of section 163.031."
This subsection, commonly known as a "grandfather" section, constitutes a part of the school foundation formula which underwent major revision in the 79th General Assembly. The purpose of the formula revision was to better equalize the amount of state aid distributed to school districts in relation to the wealth of the district. The purpose of subsection 5 of § 163.031, as with grandfather clauses in general, is to provide some protection to those school districts which would be subject to a reduction in state aid as a result of the new formula. (Those districts which do not receive their apportionment under the grandfather clause are hereinafter referred to as districts "under the formula," i.e., under § 163.031, subsections 1, 2, 3, and 4.)
Basically, subsection 5 provides that during the first school year in which the new statute would operate (1977-78) no district would receive less money per pupil than it was apportioned in 1976-77 (the "base year"). In 1978-79, and for the next five years these "grandfathered" districts would be subject to state aid reduction, but that reduction is to be limited to 20% of the difference between the amount it would receive under the new formula and the amount it received in the base year under the "old" formula (subsections 1, 2, 4, 6, and 7 of § 163.031, RSMo Supp. 1976). Even this reduction, however, is cushioned: a school district would still be entitled to whatever it would receive under the new formula, or $283.00 per pupil, whichever is greater.
Subsection 5 goes on to provide for an annual adjustment to the $283.00 per pupil base figure. Ultimately that adjustment is not to exceed the "percent of annual adjustment for the mean average of the lowest five percent of the districts" which receive apportionments under the formula.
In order to determine the maximum annual adjustment to the $283.00 base figure for the 1979-80 school year, three steps are necessary. First, the "lowest five percent" of districts under the formula must be identified; second, the percent of change between their 1978-79 apportionment per pupil and their 1979-80 apportionment per pupil must be determined; and third, the "mean average" of these changes expressed in percent must be calculated.
The "lowest five percent" of districts on the formula are identified as those receiving the least amount of state aid per eligible pupil in 1978-79. Identifying these districts presents no problem, except as discussed below.
The next step is to determine the "percent of annual adjustment" of these districts, i.e., the amount by which their apportionment per pupil changed from 1978-79 to 1979-80 expressed as a percent. Because of changes in enrollment, local levies or other factors affecting apportionments under the formula, some of these districts will experience decreases and some will experience increases in their per pupil apportionment between the two years. Your question asks whether those districts for which state aid is reduced (have a negative adjustment) should be included in the lowest five percent. You have provided some figures demonstrating the effect of including the negative adjustment districts. Using last year's figures as examples, Table I presents percentages of annual adjustment between 1977-78 and 1978-79 for school districts which received the lowest amount of state aid per eligible pupil in 1978-79 and includes those districts experiencing a negative adjustment between 1977-78 and 1978-79. Table II presents percentages of annual adjustment for 5% of school districts which received low amounts of state aid per eligible pupil but excludes those districts experiencing negative adjustments between 1977-78 and 1978-79.
 Table I Table II Low 5% of Districts Low 5% of Districts on Formula on Formula (+ and -) (+ only)
 -10.56% + .55% — 6.03 .60 — 3.54 .60 — 2.47 .70 — 2.47 .90 — 1.58 .97 — 1.34 1.94 ------ + .55 1.97 .60 2.14 .60 2.35 .70 2.74 .90 3.47 .97 3.56 1.94 3.67 1.97 3.75 2.14 3.87 2.35 3.89 2.74 4.07 3.47 4.38 3.56 4.64 3.67 4.79 3.75 4.86 3.87 4.91 3.89 4.99 4.07 5.09 ------- ------ Average + .55% Average + 3.02%
When the average percent adjustment from Table I is applied to the $283.00 base figure, that figure becomes $284.56 per pupil. Using the average percent adjustment from Table II results in a $291.55 base figure.
For the following reasons, we believe that the method of calculating the average annual adjustment used in Table I is the appropriate method. In the first place, the language of the statute refers plainly to "the lowest five percent of the districts which receive an apportionment" under the formula. Using only those districts in the lowest 5% which experience positive adjustments reads a factor into the term "lowest" which does not appear in the language of the statute.
Secondly, the language of the statute refers to the "percent of annual adjustment" for the lowest 5% of school districts. An "adjustment," according to dictionary definition, is merely a change; the word does not reflect any qualitative aspects. In the context of numerical changes, an adjustment may be positive or negative, or may reflect an increase or decrease. If the General Assembly had not intended the negative adjustment school districts to be included, they would more likely have used the phrase "percent of annual increase
for the mean average of the lowest five percent of the school districts." By using the word "adjustment," the General Assembly expressed no intention to exclude negative change school districts from the computation.
A court will not alter the plain, ordinary, and natural meaning of words used in a statute. Bethel v. Sunlight Janitor Service,551 S.W.2d 616 (Mo.Banc 1977). What the legislature intended must be concluded from the language it used. Bradley v. Elsberry DrainageDistrict, 425 S.W.2d 950 (Mo. 1968). Reading the statute as a whole, we find no other indicia of legislative intent pointing toward a result different from that reached above. We presume that the General Assembly recognized that some school districts on the formula might experience decreases in per pupil state aid from year to year, and that some of those school districts might be among the lowest 5%. Nothing in the statute evidences any legislative intent to offset or ignore this fact in computing the minimum entitlements for grandfather districts.
In sum, the language of the statute provides no support for excluding any school district which in fact is among the lowest 5% on the ground that it experiences a reduction in state aid as its annual adjustment. To hold otherwise would read into the statute a factor which simply does not appear.
CONCLUSION
Based on the foregoing, it is the opinion of this office that in determining the annual adjustment provided for in § 163.031.5, all districts in the lowest 5% should be included in the computation, without regard to whether they experience an increase or decrease in the amount per eligible pupil from the preceding year.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Sheila K. Hyatt.
Yours very truly,
 JOHN ASHCROFT Attorney General