Dear Senator Murray:
This is in response to your request for an opinion which reads as follows:
 "Section 168.104(5) RSMo. provides in part as follows: `In the case of any probationary teacher who has been employed in any other school system as a full-time teacher for two or more years, the Board of Education shall waive one year of his probationary period; . . .'
 "The question is whether one year of a teacher's probationary period shall or may be waived as noted above if the teacher had been employed as a full-time teacher for two or more years in the current, employing district, and not any `other' school system.
 "Clearly, the statute requires that the school district waive one year of the teacher's required probationary period, if the teacher has had two or more full years of previous teaching experience in another school system. Does interpreting the statute so as to require that the teaching experience be acquired by service in a school district other than the current employing district contravene legislative intent and violate the statute itself? There seems to be no logical or other compelling reason to distinguish between teaching experience in this or another school district. To the contrary, to value teaching experience in another school district more than teaching experience in the employing district would be contrary to the principle inherent to the statute, whereby it requires that almost all of the teaching experience must be acquired in the employ of the school district which grants the teacher permanent status. Does treating teachers with teaching experience within the school district differently from those with teaching experience from any other school district violate the equal protection of the law guaranteed by the United States Constitution?"
Your request further indicates that the following situation prompted your query. Teacher A was a full-time teacher in a school district for a three year period. Thereafter, Teacher A, who was a "probationary teacher," did not teach for five years. At the end of the five year period, Teacher A was reemployed by the same school district. The school district did not grant Teacher A credit for her previous experience in the same school district in determining whether she is eligible for "permanent teacher" status as defined in Section 168.104(4), RSMo 1978. However, if Teacher A had taught in a school district different
than the one in which she is presently employed, under Section168.104(5), RSMo 1978, she would have been given partial credit for that other district experience.
Because we have found no appellate cases from Missouri or from any other jurisdiction which defined the phrase "employed in any other school system as a full-time teacher," we must rely on the rules of statutory construction established by the courts of this state.
The primary rule of statutory construction in this state is to ascertain the intent of the legislature from the language used, to give the effect to that intent, if possible, and to take the words used in the statute in their plain and ordinary meaning.State ex rel. Dravo Corp. v. Spradling, 515 S.W.2d 512 (Mo. 1974). Where the meaning of the statute is clear, and the language used therein is plain and unambiguous, there is no reason for any construction. United Airlines, Inc. v. State TaxCommission, 377 S.W.2d 444 (Mo. banc 1964).
In view of these rules of construction established by the courts of Missouri, we find no ambiguity in Section 168.104(5). The word "other," is clear and must be given its ordinary meaning.Bethel v. Sunlight Janitor Service, 551 S.W.2d 616 (Mo. banc 1977).
We agree with your statement that there appears to be no logical reason for distinguishing between teaching experience in the district in which the teacher formerly taught and teaching experience in another district but we are compelled to follow the clear intent of the statute in rendering our opinion. Only the General Assembly can change the statute so as to make such statute applicable both to teaching experience in the district in which the teacher formerly taught and teaching experience in another district.
Your second question asks for our ruling on the constitutionality of this statute. We believe that this office is prohibited from passing on the constitutionality of statutes byGershman Investment Corporation v. Danforth, 517 S.W.2d 33 (Mo. banc 1974).
CONCLUSION
It is, therefore, the opinion of this office that the phrase "employed in any other school system as a full-time teacher for two or more years . . ." in Section 168.104(5), RSMo 1978, is clear and unambiguous and requires that only teaching experience gained in a school system other than the one in which a teacher is presently employed is the basis for waiving one year of the teacher's probationary period.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Edward D. Robertson, Jr.
Sincerely,
 JOHN ASHCROFT Attorney General