STATE of Missouri ex rel. Carla MANN, Individually and as Next Friend of Skylar Leigh Mann, et al., Plaintiffs–Relators,

v.

The Honorable J. Dan CONKLIN, Circuit Court of Greene County, Missouri, Circuit Judge, Division 3, Defendant–Respondent.

No. 26879.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 21, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 8, 2005.

Application for Transfer Denied
Jan. 31, 2006.

4. MAI–CR3d 306.06.

Steve B. Garner, Jeff Bauer, Springfield, MO, for Relators.

Randall R. Cowherd, Lucas C. Smith, Ronald E. Mitchell, Joplin, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Relators, the survivors of the decedent Robert Mann ("Mann"), have petitioned this Court to issue a writ of mandamus ordering the Honorable J. Dan Conklin ("Respondent") to reverse his decision dismissing for lack of jurisdiction Robert Glenn ("Defendant") from a lawsuit for damages for the wrongful death of Mann. Defendant is the owner of Robert Glenn Productions, a sole proprietorship,[1] which provides sound, staging, and lighting equipment for area concerts. Robert Glenn Productions owns the sound and lighting equipment and generally transports it to the concert venues using box trucks rented from Ryder Truck Rental. Mann worked with Robert Glenn Productions as a part-time laborer for two years; his duties included loading, transporting, setting up and tearing down the equipment, and operating the trucks as part of his employment.[2]

On May 10, 2003, Mann was driving one of the Ryder trucks loaded with lighting equipment west on I-44; a co-employee, Justin Glenn, rode in the truck with Mann. Defendant drove the other Ryder truck loaded with sound equipment and he, too, had another employee in his cab. While the two vehicles were traveling along the interstate, a collision occurred and Mann was crushed to death in the cab of his Ryder truck. The parties agree that a claim was filed against Robert Glenn Productions with the Division of Workers' Compensation ("the Division") for the wrongful death of Mann and death benefits have been and are continuing to be paid.

Relators also brought a claim in the Circuit Court of Greene County, claiming negligence against Defendant and others for the death of Mann. In response, Defendant moved for summary judgment claiming he was entitled to have the claim dismissed as a co-employee of Mann; he argued the claim should be dismissed because Relators did not show "something more" needed to overcome the exclusive jurisdiction of the Workers' Compensation Law and that he was an employer of Mann. The court granted Defendant's motion for summary judgment[3] and dismissed Defendant from the lawsuit. The dismissal order is not found in the record; however, the docket entry states that Respondent dismissed the cause against Defendant for lack of jurisdiction. Relators brought a petition for a writ and a preliminary order in mandamus was issued on April 15, 2005. We find our preliminary writ to have been improvidently granted and hereby quash our preliminary order.

Whenever it appears by suggestion of the parties or otherwise that the Workers' Compensation Law is applicable, the court shall treat it as a motion to dismiss for lack of subject matter jurisdiction and shall dismiss the action. *State ex*

1. As set forth later in the opinion and for the sole purpose of deciding whether a writ of mandamus is appropriate, there was a sufficient basis for the trial court to determine it lacked jurisdiction on the basis that Robert Glenn Productions was a sole proprietorship.

2. Whether Mann transported the equipment or operated the trucks as a part of his employment are disputed facts; however, neither fact affects our analysis of whether a writ of mandamus should be issued.

3. Although the lack of subject matter jurisdiction may be raised in a motion for summary judgment, as Defendant did in this case, the motion will nevertheless be treated as a motion to dismiss under Rule 55.27. *Romero v. Kansas City Station Corp.*, 98 S.W.3d 129, 135 (Mo.App. W.D.2003). As a motion to dismiss, the trial court in this case was permitted under Rule 55.28 to consider the facts in the record, as well as any affidavits, oral testimony, and depositions. *Id.* at 137.

*rel. J.E. Jones Constr. Co. v. Sanders,* 875 S.W.2d 154, 157(Mo.App. E.D.1994). Issuing a writ of mandamus falls within the sound discretion of this Court, and even if the trial court misinterpreted its jurisdiction, Relators are not necessarily entitled to its issuance. *See State ex rel. Meyer v. Ravenhill,* 20 S.W.3d 543, 545 (Mo.App. W.D.2000). The purpose of a writ of mandamus is to execute a clear, unequivocal, and specific right, and not to adjudicate. *State ex rel. Chassaing v. Mummert,* 887 S.W.2d 573, 576 (Mo. banc 1994).

■ Although both parties in this proceeding accept the premise that Defendant was a co-employee of Mann, and not his employer, we find evidence supporting a determination by the trial court that defendant was in fact Mann's employer. The rights of the parties concerning Workers' Compensation claims are controlled by such designations. The statutory definition of "employer" in Missouri's Workers' Compensation Law, under section 287.030.1(1),[4] provides in pertinent part:

> Every person, partnership, association, corporation, limited liability partnership or company, trustee, receiver, the legal representatives of a deceased employer, and every other person, including any person or corporation operating a railroad and any public service corporation, using the service of another for pay[.]

The statutory definition of "employee," pursuant to section 287.020.1, prescribes that an employee is:

> [E]very person in the service of any employer, as defined in this chapter, under any contract of hire, express or implied, oral or written, or under any appointment or election, including executive officers of corporations. Any reference to any employee who has been injured shall, when the employee is

dead, also include his dependents, and other persons to whom compensation may be payable.

■ Missouri's Workers' Compensation Law clearly distinguishes the differences in rights, duties, scope of coverage, and exemptions between "employers" and "employees." *Bethel v. Sunlight Janitor Serv.,* 551 S.W.2d 616, 618(Mo. banc 1977). An "employer" does not fall within the definition of an "employee" as employee is defined in section 287.020.1. *Id.* at 619. An individual cannot be both an employer and an employee for purposes of the Workers' Compensation Law. *Id.* The issue in *Bethel* was whether a sole proprietor of an unincorporated business—an employer—was eligible to receive workmen's compensation benefits as an employee when he was injured in an accident while performing duties regularly performed by one of his employees. *Id.* at 617. The court held that the sole proprietor was not eligible to receive benefits because he was not an employee. *Id.*

■ The general assembly subsequently changed the law to allow partners or sole proprietors to individually elect to procure insurance policy protection for themselves against injuries sustained while in the pursuit of their vocation, profession or business, pursuant to the Workers' Compensation Laws. Section 287.035.1. Nonetheless, in *Harrison v. Harrison Turf Co.,* 908 S.W.2d 159, 161 (Mo.App. E.D.1995) the eastern district reasoned that the General Assembly did not abrogate the *Bethel* court's ultimate conclusion that, under the compensation law, a sole proprietor cannot take on simultaneous employer/employee status. *Id.* at 162. A sole proprietor or a member of a partnership may elect to procure insurance policy protection for themselves,

4. All references to statutes are to RSMo 2000, unless otherwise specified.

but that election does not create a dual capacity as both an employer and employee. *Id.*

Because Defendant could not be both the employer and a co-employee, the trial court could have properly found, and thus did not abuse its discretion, that the Division had exclusive and original jurisdiction to determine whether the injury fell within the Workers' Compensation Law. That decision is supported by Defendant's testimony that he was a sole proprietorship and by the record provided to the trial court. Although Relators rely upon an exhibit presented to the trial court from the Secretary of State's office showing that Robert Glenn Productions was a dissolved corporation, but which failed to establish a precise date for the dissolution of the corporation, a mere speculation that Robert Glenn Productions may not have been dissolved at the time of the accident does not compel a conclusion that the trial court abused its discretion in dismissing the suit. In other words, Relators did not establish a clear, unequivocal, and specific right to a writ of mandamus on the basis that Robert Mann Productions may have been a valid corporation. Furthermore, Mann sought benefits under the Workers' Compensation Law. It is for the Division to determine whether Mann was acting within the course and scope of his employment. *State ex rel. Consumer Adjustment Co., Inc. v. Anderson,* 815 S.W.2d 84, 86(Mo.App. E.D.1991). For the purposes of deciding whether to grant this writ, we assume the Division has done so.[5]

Therefore, we find that the trial court properly perceived its jurisdiction and there were sufficient facts before the trial court to dismiss the negligence cause of action for lack of subject matter jurisdiction. The preliminary order in mandamus is quashed.

PREWITT, P.J., PARRISH, J., concur.

---

5. If the Division found the death to be compensable, then the circuit court must dismiss the action for want of jurisdiction. If the Division found the death not to be compensable, or if Relators dismiss their workers' compensation claim, then the circuit court could proceed with the negligence action. *See Hannah v. Mallinckrodt, Inc.,* 633 S.W.2d 723,

726–27 (Mo. banc 1982) (holding that the Division has exclusive and original jurisdiction to determine whether an injury falls within the Workers' Compensation Law; this was the legislative intent in providing the Division with exclusive jurisdiction, and a circuit court cannot have concurrent jurisdiction on this issue).