Michael HARRISON, et al.,
Employee Appellant,

v.

HARRISON TURF COMPANY,
Employer/Respondent.

No. 67623.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 17, 1995.

James E. Carmichael, Rollings, Gerhardt, Borchers, Stuhler, Carmichael & Gartner, P.C., St. Charles, for appellant.

Susan M. Kelly, Kortenhof & Ely, St. Louis, for respondent.

REINHARD, Presiding Judge.

Claimants, the widow and two children of decedent, appeal the denial of their claim for workers' compensation benefits by the Labor and Industrial Relations Commission (Commission). We affirm.

Decedent and his brother, Timothy Harrison, were partners in Harrison Turf Company, a lawn care and snow removal business located in Fenton, Missouri. Decedent lived with his wife, Kelly Harrison, in Rosebud, Missouri, approximately one and a half hours from the Sappington, Missouri, home of his

parents, Gary and Judith Harrison. On November 20, 1990, at approximately 8:30 p.m., decedent drove to his parents' house, where he often spent the night during the week. After showering and eating dinner, he worked on some paperwork for the partnership and then left the home shortly before midnight. Around 2:00 a.m., decedent was killed in a one vehicle accident on Highway 50, the road leading to his home in Rosebud.

Stanley Meyer, the Franklin County coroner, pronounced decedent dead at 2:45 a.m., and he testified that he observed empty beer cans at the scene of the accident. Meyer drew and sent a blood sample taken from decedent to the State Highway Patrol Laboratory in Jefferson City, which reported that claimant had a blood alcohol content of .20%.

At the hearing for compensation, the Administrative Law Judge (ALJ) sustained the objection to statements made by decedent's mother in her deposition. Because she was unavailable, the transcript of the deposition was offered into evidence. In the testimony at issue, Judith [1] recalled that before he left her home on the evening of November 20th, decedent told her he was going to his home in Rosebud to retrieve some snow plow proposals involving Appletree Condominiums and would return to his parents' home that same evening to finish the paperwork and spend the night.[2] The ALJ ruled that decedent's statements to his mother were inadmissible, and the Commission affirmed her findings and noted that in excluding the statements by Judith, the record contained no evidence that decedent died in the course of his employment.

On appeal, claimants assert the Commission erred in ruling that statements decedent made to his mother on the evening of the accident were inadmissible hearsay pursuant to § 491.010.2, RSMo 1986.[3] The statute provides, in relevant part:

1. This opinion refers to Judith and Gary Harrison by their first names for purposes of clarity. No disrespect is intended.

2. Charles Bisch, overseer for Appletree Condominiums, recalled no discussions or proposed contracts with decedent in the fall of 1990. He further testified that Appletree usually enters into snow plowing contracts in September.

3. All statutory citations are RSMo 1986, unless otherwise noted.

2. In any such suit, ... where one of the parties to the ... cause of action, ... is dead ..., and the adverse party or his agent testifies with respect thereto, then any relevant statement or statements made by the deceased party ... shall not be excluded as hearsay....

■ Decisions of the Commission in workers' compensation proceedings that are clearly interpretation or application of law, as distinguished from determination of fact, are not binding upon the reviewing court and fall within the court's province of review and correction. *West v. Posten Const. Co.,* 804 S.W.2d 743, 744 (Mo. banc 1991). Under § 491.010.2, a prerequisite to the admission of relevant statements made by the deceased party is that the adverse party shall have testified. *Smith v. Christopher,* 737 S.W.2d 510, 511 (Mo.App.1987).

■ Claimants contend that Judith was an adverse party because Gary, her husband, became a partner in Harrison Turf after decedent's death. However, claimants presented no evidence that Gary had taken any ownership interest in the firm. At the hearing, decedent's wife testified that Gary took possession of decedent's business papers after his death, told her he would run the business in decedent's place, and indicated that he wanted to become an owner, but she never affirmatively stated that he had been made a partner or owner of the business. Judith testified that Gary "went with" Harrison Turf after decedent's death; however, she never indicated whether he was an employee or an owner. Gary's activities with the business following decedent's death do not necessarily imply an ownership interest because Judith testified that she and Gary had participated in the business before their son's death by co-signing loans benefitting the partnership. Because Judith cannot be characterized as a testifying adverse party, decedent's statements to his mother are not admissible under § 491.010.

Claimants alternatively argue the statements were admissible as admissions of a party opponent:

[D]ecedent ... was the owner of the business, was the employer and was covered under the Worker's Compensation insurance as a named employee. As owner and employer, [decedent] made statements to his mother ... that he was embarking on a trip with a business purpose.... This statement made in his capacity as the employer, was an admission of those facts stated.

■ To admit out-of-court statements as admissions of a party-opponent: 1) the statement must be a conscious or voluntary acknowledgement by a party-opponent of the existence of certain facts; 2) the matter acknowledged must be relevant to the cause of the party offering the admission; and 3) the matter acknowledged must be unfavorable to, or inconsistent with, the position now taken by the party-opponent. *Copeland v. Mr. B's Pool Centers, Inc.,* 850 S.W.2d 380, 382 (Mo. App.E.D.1993). Claimants contend that although they are asserting decedent's rights as a "named employee", his statements to his mother are admissions of a party-opponent because he spoke in his capacity as an employer.

Historically, sole proprietors and members of partnerships were not eligible for benefits under workers' compensation law in Missouri.[4] In *Bethel v. Sunlight Janitor Service,* 551 S.W.2d 616 (Mo. banc 1977), a sole owner of a janitorial service applied for workers' compensation benefits. He argued that a 1967 amendment which added corporate officers to the statutory definition of employee should be construed to extend coverage to sole proprietors. *Id.* at 618. Our Supreme Court held that the claimant was not entitled to benefits because he was not an "employee" as defined by § 287.020. *Id.* at 619. The court further explained that whether the claimant was a sole owner, joint owner with his wife, or member of a family partnership, as he claimed at various stages of the proceedings, "the legal effect [was] the same" because:

[t]he 1967 amendment did not expressly provide that the owner or sole proprietor or partner of any business should also be eligible for workmen's compensation bene-

---

4. Neither claimants nor employer contend that Harrison Turf was a corporation. The record reveals that the business was an unincorporated two person partnership.

fits while performing the duties of an employee. The language of the statute is clear and unambiguous.

*Id.* at 617, n. 1, *Id.* at 619. The court cited *Chambers v. Macon Wholesale Grocer Co.,* 334 Mo. 1215, 70 S.W.2d 884, 888 (Mo.1934), in which the Missouri Supreme Court held that a widow of a partner was not entitled to workers' compensation benefits because "the language and plan of our act clearly contemplates 'a relation between two opposite parties, of whom one is employer and the other employee.'" *Id.* at 620. Relying on *Chambers* and finding similar cases from other jurisdictions persuasive, the *Bethel* court concluded that a person could not simultaneously be an employer and an employee under the workers' compensation act. *Id.*

In 1983, the legislature amended the workers' compensation act to permit partners, copartners, and sole proprietors to elect coverage. *See* 1983 *Mo.Laws* 556. Contained in § 287.035, the amendment provides:

1. The benefits provided by this chapter resulting from work-related injuries shall apply to partners, copartners or sole proprietors, only when such partners, copartners or sole proprietors have individually elected to procure insurance policy protection for themselves against injuries sustained while in the pursuit of their vocation, profession or business.

2. An election by partners, copartners, or sole proprietors to secure the protection of the benefits authorized by this chapter for themselves shall include their employees, if any, who are not eligible for compensation benefits except as provided by this section.

3. As respects the extension of benefits to employees pursuant to this section, there shall be general application of the compensation law; provided, however, section 287.030 shall be construed to encompass the limited application of this section to employers having less than five employees.

4. Insurers who underwrite the protection authorized by this section shall be directly and primarily liable for the benefits provided by this chapter.

5. It is the expressed intent of this section to allow the optional purchase of the protection for workers' injuries sustained by partners, copartners or sole proprietor, including their employees, while in the pursuit of their vocation, profession or business. As provided in this chapter, administrative and appellant jurisdiction shall be extended in regard to disagreements between injured individuals and their insurors, but any provision of this chapter requiring an employer-employee status, where none exists, is hereby waived to accomplish the limited application of this section.

■ Nothing in this provision creates a special dual capacity, or simultaneous employer and employee status, for partners, copartners, or sole proprietors. Rather, workers in those positions are granted coverage as a narrow exception to the basic workers' compensation requirement of an employer-employee relationship and may claim benefits in their capacities as partners, copartners, or sole proprietors. Therefore, § 287.035 does not change the *Bethel* court's holding that one cannot be both an employer and an employee.

■■ Claimants cite no authority to support their contention that decedent had dual capacity and spoke with his mother as an employer. Under the current workers' compensation law, a partner such as decedent does not possess a special dual employer-employee status, and, therefore, cannot make statements as an employer and then use those statements to obtain workers' compensation benefits as an employee. Therefore, the court did not err in excluding the statements made by decedent to his mother as admissions of a party-opponent.

■ Because the statements by decedent to Judith were properly excluded, the record contains no evidence that decedent's fatal accident occurred during the course of his employment. Thus, the Commission properly denied recovery, and we find it unnecessary to examine claimants' remaining points of error.

Judgement affirmed.

KAROHL and WHITE, JJ., concur.