**STATE ex rel. MSX INTERNATIONAL, INC., Relator,**

v.

**The Honorable Colleen DOLAN, Judge, Circuit Court of St. Louis County, Division 20, Respondent.**

No. SC 82776.

Supreme Court of Missouri, En Banc.

March 6, 2001.

Joseph R. Swift, Bridget Monroig Nave, St. Louis, for Appellant.

Matthew J. Padberg, Michael P. Corrigan, John L. Schaberg, Jonathan T. Barton, St. Louis, for Respondent.

WHITE, Judge.

## I.

This original proceeding in prohibition arises from an underlying personal injury suit brought by Douglas Price against MSX International (MSX).[1] MSX sought

1. MSX International was formed through the combination of Masco Tech's Technical Services Group and APX International. Masco- Tech Technical Services Group spun off of Masco Corporation's industrial component business. APX International was formed by a

a writ to bar the exercise of subject matter jurisdiction over Price's common law claim. MSX asserts Price is one of its statutory employees as defined under section 287.040.1,[2] that the injuries sustained lie in worker's compensation, and, therefore, jurisdiction rests solely with the Labor and Industrial Relations Commission (LIRC). This Court issued a preliminary writ on August 29, 2000. Having determined that MSX was Price's statutory employer, the preliminary writ is made absolute.

MSX contracted with Chrysler Corporation (Chrysler) to produce sequenced wheel assemblies.[3] MSX provided the facility for this operation, and both Chrysler and MSX shared in supplying the necessary equipment. MSX subcontracted with Logistics Management Services, Inc. (LMS) to supply the employees for this manufacturing process. Douglas Price was employed by LMS and working on the MXS contract as a wheel assembler when a pressurized air hose (owned by MSX) broke free from its coupling and struck Price in the leg injuring him. Price filed a claim for worker's compensation against LMS with the LIRC and a common law claim for damages against MSX in the circuit court. The trial court denied MSX's motion to dismiss for lack of jurisdiction.

## II.

■■■ Statutory employment exists when: (1) the work is performed pursuant to a contract; (2) the injury occurs on or about the premises of the alleged statutory employer; and (3) the work is in the usual course of the alleged statutory employer's business.[4] "Usual business," as used in section 287.040.1, is defined as "those ac-

tivities (1) that are routinely done (2) on a regular and frequent schedule (3) contemplated in the agreement between the independent contractor and the statutory employer to be repeated over a relatively short span of time (4) the performance of which would require the statutory employer to hire permanent employees absent the agreement."[5] "Where the facts are not in dispute as to the nature of the agreement and the work required by it, the existence or absence of statutory employment is a question of law for the courts to decide."[6]

The parties take issue with whether or not wheel assembly is the "usual business" of MSX, but the relevant facts are not in dispute. Price claims he is not a statutory employee of MSX because MSX's usual business is overseeing the creation of outsourcing facilities and not automotive assembly or sub-assembly. Price also asserts that section 287.040.4 supersedes section 287.040.1 negating MSX's affirmative defense of being a statutory employer because LMS, as Price's immediate employer, provided the worker's compensation benefits. Section 287.040.4 provides in pertinent part that "[n]o such employer shall be liable in this section provided, if the employee was insured by his immediate or any intermediate employer."

This Court has noted that the worker's compensation act is to be "liberally construed with a view to the public welfare," and in instances "where a question of jurisdiction is in doubt, it should be held to be in favor of the [Labor and Industrial Relations] commission."[7] Price has simply misinterpreted the nature of MSX's business and the application of section 287.040.

merger of Aero Detroit and Pioneer Engineering and Manufacturing.

**2.** All statutory references are to RSMo 1994 unless otherwise indicated.

**3.** The tire and wheel components would be assembled just prior to their need on Chrysler's automotive assembly line.

**4.** *Bass v. National Super Markets, Inc.*, 911 S.W.2d 617, 619 (Mo. banc 1995). See also section 287.040.

**5.** *Id.* at 621.

**6.** *Id.*

**7.** *Id.* at 619.

There is no limitation in section 287.040 as to the number of statutory employers an employee may have. There is also no limitation to the number of distinct business enterprises any company may engage in. By virtue of the contract between MSX and Chrysler, MSX had entered the business of wheel assembly, and MSX, just like any other general contractor, is entitled to subcontract out for its employees. The tire assembly performed was routine, scheduled, repetitive, and would have required MSX to hire its own employees but for having contracted with LMS. It does not require a liberal application of the act to determine that MSX satisfies all of the elements of a statutory employer. Moreover, section 287.040.4 deals with the determination of who pays under the worker's compensation act, not the determination of statutory employment.

### III.

Prohibition "is an extraordinary remedy to correct and prevent the exercise of extrajurisdictional power."[8] It "is not a writ of right and should not be employed for correction of alleged or anticipated judicial errors, and does not lie for grievances which may be adequately redressed in the ordinary course of judicial proceedings."[9] While a writ of prohibition is not appropriate for errors of law reviewable on appeal, it is appropriate when the defendant is immune from the suit as a matter of law.[10] MSX, having met the definition of a "statutory employer" under section 287.040.1, was immune from the common law action filed by Mr. Price by virtue of the worker's compensation statute. The trial court should have dismissed the action on MSX's motion recognizing it was without jurisdiction.[11]

The preliminary writ barring the exercise of subject matter jurisdiction over Price's common law claim is now made absolute.

PRICE, C.J., LIMBAUGH, HOLSTEIN, WOLFF and BENTON, JJ., and MANNERS, Sp.J., concur.

8. *Knisley v. State,* 448 S.W.2d 890, 892 (Mo. 1970). See also *State ex rel. Douglas Toyota III, Inc. v. Keeter,* 804 S.W.2d 750, 752 (Mo. banc 1991) and *State ex rel. Chassaing v. Mummert,* 887 S.W.2d 573, 577 (Mo. banc 1994).

9. *Id.*

10. *State ex rel. FAG Bearings Corp. v. Perigo,* 8 S.W.3d 118, 120 (Mo.App.1999). *citing to, State ex rel. Twiehaus v. Adolf,* 706 S.W.2d 443, 444 (Mo. banc 1986).

11. Rule 55.37(g)(3).