**James Phillip CHOUTEAU,**
**Respondent,**

v.

**NETCO CONSTRUCTION and EMC**
**Insurance Companies,**
**Appellants.**

**No. WD 63171.**

Missouri Court of Appeals,
Western District.

May 4, 2004.

Thomas V. Clinkenbeard, Kansas City, MO, for appellant.

Robert H. Schnieders, Oak Grove, MO, for respondent.

Before: RONALD R. HOLLIGER, P.J., ROBERT G. ULRICH and JAMES M. SMART, JJ.

ROBERT G. ULRICH, Judge.

Netco Construction and Employers Mutual Casualty Company (hereinafter "Netco") appeal a workers' compensation award to James Chouteau. Netco asserts that Mr. Chouteau was an independent contractor and not an employee. The Commission's final award is affirmed in part and reversed in part, and the case is remanded to the Commission with directions.

## Facts

In 1997, at the time of his accident, James Chouteau worked as a siding and window installer. Netco Construction was in the business of residential remodeling and home improvements. Its business included siding, windows, room additions, kitchen and bathroom remodel, and driveways. On October 1, 1997, Mr. Chouteau and a worker he had hired for the job were installing siding on the home of a Netco customer. A scaffold board on which Mr. Chouteau was standing collapsed, and Mr. Chouteau fell twenty feet to the ground landing on concrete. He suffered severe and permanent injuries including traumatic fractures of his C–2, L–4, and L–2 vertebrae.

At the hearing before the ALJ, the parties stipulated to total benefits of $68,548.11 for permanent partial disability, temporary total disability, and medical expenses. Netco, however, argued that Mr. Chouteau was neither an employee under section 287.020, RSMo 2000, nor a statutory employee under section 287.040, RSMo 2000.[1] Netco further argued that even if Mr. Chouteau were a statutory employee, it was entitled to a reverse judgment against Mr. Chouteau for the total benefits amount because, as the immediate employer, Mr. Chouteau was primarily liable under section 287.040.4 for his own workers' compensation benefits.

Following the hearing, the ALJ found that Mr. Chouteau was a statutory employee of Netco and awarded him benefits in the amount of $68,548.11. The ALJ also found, however, that Netco was entitled to a reverse judgment against Mr. Chouteau for the same amount because Mr. Chouteau was primarily liable for his own workers' compensation benefits under section 287.040.4.

The Commission reversed the ALJ's decision finding that Mr. Chouteau was an employee of Netco on the day of his injury. It awarded Mr. Chouteau workers' compensation benefits totaling $68,548.20 and

---

1. All statutory references are to RSMo 2000 unless otherwise indicated.

further found that Netco was not entitled to a reverse judgment. This appeal by Netco followed.

### Standard of Review

Article V, section 18 of the Missouri Constitution provides for judicial review of the Commission's award to determine whether the award is "supported by competent and substantial evidence upon the whole record." Section 287.495.1 further indicates that an appellate court reviews only questions of law and may modify, reverse, remand for rehearing, or set aside the award only upon one or more of the following grounds:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

In reviewing an award of the Commission, an appellate court "must examine the whole record to determine if it contains sufficient competent and substantial evidence to support the award, i.e., whether the award is contrary to the overwhelming weight of the evidence." *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 222–23 (Mo. banc 2003). Whether a workers' compensation claimant is an employee is a question of law, not a finding of fact, and is subject to correction by an appellate court. *DiMaggio v. Johnston Audio/D & M Sound,* 19 S.W.3d 185, 188 (Mo.App. W.D. 2000), *overruled on other grounds by Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220 (Mo. banc 2003).

### Employee or Independent Contractor

Missouri's workers' compensation law defines an employee as a person in the service of any employer under any contract of hire, express or implied, oral or written. § 287.020.1. A claimant establishes an employer-employee relationship by showing that he worked in the service of the alleged employer and the employer controlled the services. *DiMaggio,* 19 S.W.3d at 188. "The pivotal question in determining the existence of an employer-employee relationship is whether the employer had the right to control the means and manner of the service, as distinguished from controlling the ultimate results of the service." *Id.*

An independent contractor, in contrast, is one who, exercising an independent employment, contracts to do a piece of work according to his own methods, without being subject to the control of his employer, except as to the final result of his work. *Cole v. Town & Country Exteriors,* 837 S.W.2d 580, 584 (Mo.App. E.D.1992), *overruled on other grounds by Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220 (Mo. banc 2003). An employee is distinguished from an independent contractor by the amount of control exercised by the alleged employer. *Id.* If the alleged employer's actual control or right to control the work performance is not readily apparent from the evidence, several factors must be considered: (1) whether the work is part of the regular business of the employer; (2) whether the employment is a distinct occupation requiring special skills; (3) whether the alleged employee may hire assistants; (4) whether the work is usually done under supervision; (5) whether the alleged employee must supply his own tools, equipment, supplies, and materials; (6) the existence of a contract for a specific piece of work at a fixed price; (7) the length of time the person is employed; (8) the method of payment, whether by time or by the job; and (9) the extent to which the alleged employee may

control the details of his work, except as to final results. *Id.* Whether a claimant is an employee or an independent contractor is determined on a case-by-case basis. *Wilmot v. Bulman,* 908 S.W.2d 139, 142 (Mo. App. S.D.1995), *overruled on other grounds by Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220 (Mo. banc 2003).

The evidence established that Netco is in the business of home remodeling, subcontracting projects such as electrical, plumbing, roofing, and siding. It requires its subcontractors to carry workers' compensation insurance, and if a subcontractor does not carry such insurance, Netco deducts an amount from the subcontractor's check to cover the insurance.

Netco subcontracted some of its siding and window jobs to Mr. Chouteau. Seventy percent of Mr. Chouteau's income was derived from Netco assignments. The remaining thirty percent of his income originated from side projects he obtained on his own, under the name Chouteau Construction, by contracting directly with homeowners. Shortly before Mr. Chouteau's accident, Netco offered to hire Mr. Chouteau as a permanent employee. The parties, however, could not agree on a salary, so their arrangement continued unchanged.

When Mr. Chouteau performed a siding or window job for Netco, Netco would supply the materials for a job. Mr. Chouteau, however, owned and supplied all of his own tools. Netco paid Mr. Chouteau a flat rate per job based on the size of the job and the parties' agreed-upon price per square foot. Netco paid Mr. Chouteau by check but did not withhold any taxes. Occasionally, Mr. Chouteau hired and paid a worker to help him complete an assignment from Netco. Netco had no input as to who Mr. Chouteau hired. Ken Pratt, Netco's project manager, did not supervise the manner in which Mr. Chouteau performed a job but would inspect the job for quality and timeliness. Mr. Chouteau retained full control over the manner in which he completed a job for Netco. Accordingly, Mr. Chouteau was an independent contractor and not an employee of Netco under section 287.020.1.

## Statutory Employee

 Because Mr. Chouteau was not an employee of Netco, he was not entitled to compensation as an employee under section 287.120. However, a contractor or employee of a contractor may be entitled to compensation under certain circumstances as a statutory employee under section 287.040. *Cole,* 837 S.W.2d at 584. Section 287.040 constitutes an exception to the rule of non-liability of the principal to an independent contractor or its employees. *Id.* Section 287.040.1 provides:

> Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

The purpose of the statute to is "to prevent employers from circumventing the requirements of the Act by hiring independent contractors to perform work the employer would otherwise perform." *Busselle v. Wal–Mart,* 37 S.W.3d 839, 841 (Mo.App. S.D.2001)(quoting *Bass v. Nat'l Super Mkts., Inc.,* 911 S.W.2d 617, 621 (Mo. banc 1995), *cert. denied,* 517 U.S. 1208, 116 S.Ct. 1825, 134 L.Ed.2d 930 (1996)). The statute is to be construed liberally with close cases decided in favor of workers' compensation coverage. *Id.* (quoting *Bass,* 911 S.W.2d at 621).

"Where the facts are not in dispute as to the nature of the agreement and the work required by it, the existence or absence of statutory employment is a question of law for the courts to decide." *Sexton v. Jenkins & Assoc., Inc.*, 41 S.W.3d 1, 4 (Mo. App. W.D.2000)(quoting *Bass*, 911 S.W.2d at 621).

■■■■■ Statutory employment exists when: (1) the work is performed pursuant to a contract; (2) the injury occurs on or about the premises of the alleged statutory employer; and (3) the work is in the usual course of business of the alleged statutory employer. *DiMaggio*, 19 S.W.3d at 189 (quoting *Bass*, 911 S.W.2d at 619–20); *Cole*, 837 S.W.2d at 584. The premises of an alleged statutory employer includes any place under the exclusive control of the alleged statutory employer, where the general public does not have the same right of use as does the independent contractor. *Cole*, 837 S.W.2d at 585. "A home undergoing remodeling or repair becomes the premises of the principal contractor while the work is being done." *Id.* The term "usual business" as used in section 287.040.1 refers to those activities that (1) are routinely done (2) on a regular and frequent schedule (3) contemplated in the agreement between the independent contractor and the statutory employer to be repeated over a relatively short span of time (4) the performance of which would require the statutory employer to hire permanent employees absent the agreement. *DiMaggio*, 19 S.W.3d at 189–90 (quoting *Bass*, 911 S.W.2d at 621).

The evidence established that Mr. Chouteau was a statutory employee of Netco. The parties orally contracted for Mr.

Chouteau to install siding on the home of a Netco customer. Mr. Chouteau was injured while performing this task. Furthermore, the work performed by Mr. Chouteau, installation of siding, was work in the usual course of business of Netco. Netco was in the business of home remodeling and improvements. Siding installation was a part of Netco's business. Siding or window work comprised ten percent of Netco's projects, and Mr. Chouteau performed a job a month for Netco, each job typically lasting one week. Had Netco not hired an independent contractor such as Mr. Chouteau to perform work, it would have had to perform the work itself. Accordingly, Mr. Chouteau was a statutory employee of Netco and, thus, entitled to compensation under section 287.040. Thus, the Commission correctly awarded Mr. Chouteau workers' compensation benefits totalling $68,548.20.[2]

### Section 287.040.4

■■■ The final issue in this case is whether Netco was entitled to a reverse judgment against Mr. Chouteau under section 287.040.4 for the total amount of benefits. Netco argues that because Mr. Chouteau previously voluntarily purchased workers' compensation coverage for himself as a sole proprietor and, thereafter, failed to properly notify the state of his intent to withdraw himself from coverage, he had a continuing obligation to insure himself and consequently was primarily liable for his injuries under section 287.040.4.

■■■■■ Section 287.040.4 provides: In all cases mentioned in the preceding subsections, the immediate contractor or

---

2. The Commission correctly awarded benefits to Mr. Chouteau, but the result is reached on different grounds. An appellate court is not bound by the Commission's interpretation or application of law. *Cole*, 837 S.W.2d at 583–

84 (citing *West v. Posten Constr. Co.*, 804 S.W.2d 743, 744 (Mo. banc 1991), *overruled on other grounds by Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220 (Mo. banc 2003)).

subcontractor shall be liable as an employer of the employees of his subcontractors. All persons so liable may be made parties to the proceedings on the application of any party. The liability of the immediate employer shall be primary, and that of the others secondary in their order, and any compensation paid by those secondarily liable may be recovered from those primarily liable, with attorney's fees and expenses of the suit. Such recovery may be had on motion in the original proceedings. No such employer shall be liable as in this section provided, if the employee was insured by his immediate or any intermediate employer.

Under this subsection, all contractors or subcontractors are liable under the Workers' Compensation Act to all employees immediately or remotely under it. *Bunner v. Patti*, 343 Mo. 274, 121 S.W.2d 153, 156 (1938). This subsection does not involve the determination of statutory employment and does not affect the statutory employer's liability as to the statutory employee. *State ex rel. MSX Int'l, Inc. v. Dolan*, 38 S.W.3d 427, 430 (Mo. banc 2001). Instead, it merely serves to prioritize the obligations of contractors and subcontractors by determining the order of liabilities when more than one party is potentially liable for payment of workers' compensation benefits. *Id.; Sexton*, 41 S.W.3d at 6. The purpose of this subsection is to protect the employees of financially irresponsible subcontractors. *Walton v. U.S. Steel Corp.*, 362 S.W.2d 617, 622 (Mo.1962)(quoting *Perrin v. Am. Theatrical Co.*, 352 Mo. 484, 178 S.W.2d 332, 334 (1944)).

■ Under the statute, the liability of the immediate employer is primary, and that of the remote employer is secondary. § 287.040.4; *Bunner*, 121 S.W.2d at 156. Nevertheless, insofar as the injured employee is concerned, he may proceed against any statutory employer. The compensation proceeding may be brought against the remote employer alone, and the award may go against it. *Bunner*, 121 S.W.2d at 156. In such case, the remote employer may on application have the immediate employer brought into the proceeding and may, on motion, recover from the immediate employer any compensation the remote employer has paid under the award. *Id.*

■ Finally, the last sentence of the statute provides that no remote employer shall be liable if the injured employee was insured by his immediate or any intermediate employer. § 287.040.4. If, however, the immediate employer did not provide workers' compensation coverage, section 287.040.4 would allow the injured employee to recover against the remote contractor, his statutory employer. *Sexton*, 41 S.W.3d at 6.

■ The question in this case is whether Mr. Chouteau became primarily liable for his own injuries thus relieving Netco of its liability to Mr. Chouteau as his statutory employer when Mr. Chouteau obtained workers' compensation coverage for himself as a sole proprietor. Historically, a sole proprietor was not eligible for benefits under the workers' compensation law in Missouri because he was not an "employee" of the business. *Bethel v. Sunlight Janitor Serv.*, 551 S.W.2d 616, 619–20 (Mo. banc 1977); *Harrison v. Harrison Turf Co.*, 908 S.W.2d 159, 161 (Mo.App. E.D. 1995). The rationale for such holding was that "an individual cannot, at one and the same time, be considered to be an employer and an employee." *Bethel*, 551 S.W.2d at 619. In 1983, however, the legislature amended the workers' compensation act to permit a sole proprietor, among others, to elect coverage for himself:

The benefits provided by this chapter resulting from work-related injuries

shall apply to partners, copartners or sole proprietors, only when such partners, copartners or sole proprietors have individually elected to procure insurance policy protection for themselves against injuries sustained while in the pursuit of their vocation, profession or business. § 287.035.1; *Harrison,* 908 S.W.2d at 162. Having once elected to bring himself under the provisions of the workers' compensation act, a sole proprietor must follow the provisions of section 287.090 to properly withdraw his election. The version of section 287.090.2 in effect at the time of Mr. Chouteau's injury provided in pertinent part:

> The election shall take effect and continue ... from the effective date of the insurance policy. Any employer electing to become liable under this chapter may withdraw his election by filing with the division a notice that he desires to withdraw his election, which withdrawal shall take effect thirty days after the date of the filing, or at such later date as may be specified in the notice of withdrawal.

§ 287.090.2, RSMo 1994.[3] If the provisions to withdraw the election are not properly followed, the election continues, and the sole proprietor is liable for injuries he sustains. § 287.090.2, RSMo 1994. *See i.e. Newlin v. Cordray Ford Tractor,* 799 S.W.2d 205, 207–08 (Mo.App. W.D. 1990)(where employer with less than five employeees, who elected to come under the coverage of the workers' compensation law by purchasing such insurance and thereafter failed to follow the procedures of section 287.090.2 to properly withdraw the election, was liable for injuries sustained by his employee).

Netco contends that because the record did not demonstrate that Mr. Chouteau notified the state of his intent to withdraw his election, he had a continuing obligation to insure himself. The evidence established that Netco availed itself of the provision of section 287.040.4 that no remote employer shall be liable if the injured employee was insured by his immediate employer by requiring all of its independent contractors to carry their own workers' compensation insurance. If an independent contractor did not carry such insurance, Netco would not hire the independent contractor or would deduct a certain amount from the independent contractor's pay to cover the insurance premium. Mr. Chouteau represented to Netco that he was covered by his own workers' compensation insurance for the one-year period of November 6, 1996, to November 6, 1997. He provided Netco with a certificate issued by his insurance provider stating that he was covered for that one-year period. The evidence also established that Mr. Chouteau let his coverage lapse in May 1997 prior to his accident. He did not inform Netco of the expiration of his coverage. Nothing in the record indicated that Mr. Chouteau notified the state of his desire to withdraw his election as required by section 287.090.2, RSMo 1994.[4] Mr. Chouteau did not, therefore, properly withdraw his election to bring himself under

---

**3.** In a workers' compensation case, the statute in effect at the time of the injury is generally the applicable version. *Tillman v. Cam's Trucking, Inc.,* 20 S.W.3d 579, 585–86 (Mo. App. S.D.2000). Section 287.090.2 was amended in 1998 and no longer contains the requirement that the employer must notify the division of his desire to withdraw his election.

**4.** As the claimant attempting to obtain workers' compensation benefits from Netco, Mr. Chouteau had the burden of proving that he was no longer responsible for his own coverage. *See i.e. Brown v. City of St. Louis,* 842 S.W.2d 163, 166 (Mo.App. E.D.1992)(workers' compensation claimant had burden to prove that employer had elected to bring itself within the provisions of the workers' compensation law).

the provisions of the workers' compensation law and had a continuing obligation to insure himself at the time of his injury. He was, therefore, primarily liable for his injuries under section 287.040.4.

Mr. Chouteau argues that section 287.040.4 cannot apply to entitle Netco to a reverse judgment because application of section 287.040.4 to Mr. Chouteau would require a holding that he was his own immediate employer in contradiction of the *Bethel* holding that one cannot be both an employer and an employee. Mr. Chouteau cites *Harrison v. Harrison Turf Co.,* 908 S.W.2d 159 (Mo.App. E.D.1995) in support of his contention that section 287.035 does not change the *Bethel* holding. *Bethel* and *Harrison,* however, are distinguishable from the instant case. The issue in *Bethel* was whether a sole proprietor was eligible to receive workers' compensation benefits as an employee of his own business when he was injured in an accident while performing duties regularly performed by his absent employees. *Bethel,* 551 S.W.2d at 617. *Harrison* involved an employer who attempted to use statements made as an employer to obtain workers' compensation benefits for himself as the injured employee. *Harrison,* 908 S.W.2d at 161. At this point in this case, the issue involves only the *priority* of the parties' liability for Mr. Chouteau's injuries, not a determination of an employer/employee relationship, a statutory employment relationship, or Netco's liability to Mr. Chouteau as Mr. Chouteau's statutory employer. Having procured his own workers' compensation insurance, a requirement for hiring by Netco, Mr. Chouteau became obligated for his own coverage. Such obligation continued when Mr. Chouteau failed to properly withdraw from coverage under section 287.090.2, RSMo 1994. He was, thus, primarily liable for his own injuries under section 287.040.4, and Netco was entitled to a reverse judgment in the amount of the total benefits.

The final award of the Commission is affirmed in part and reversed in part, and the case is remanded to the Commission for entry of a reverse judgment in favor of Netco and against Mr. Chouteau in the amount of $68,548.20.

HOLLIGER, P.J. and SMART, J. concur.