**Robert Max THORNSBERRY,
Claimant–Respondent,**

v.

**THORNSBERRY INVESTMENTS,
INC., Employer–Appellant,**

and

**Lebanon Livestock Auction, LLC,
Respondent–Respondent.**

No. SD 29348.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 8, 2009.

Petition for Rehearing and Transfer to Supreme Court Denied Sept. 30, 2009.

Application for Transfer Denied
Nov. 17, 2009.

Patrick J. Platter of Springfield, MO, for Appellant.

Brian D. Byrd of Lake Ozark, MO, for Respondent Robert Max Thornsberry.

Karen Lang Johnson of Springfield, MO, for Respondent Lebanon Livestock Auction, LLC.

JEFFREY W. BATES, Judge.

Thornsberry Investments, Inc. (TII), appeals from a final award issued to its em-

ployee, Robert Thornsberry (Claimant), by the Labor and Industrial Relations Commission (Commission). The determinative issue on appeal is whether the Commission erred in denying TII's claim for indemnity from Lebanon Livestock Auction, LLC (Auction) pursuant to § 287.040.[1] This Court affirms.

Claimant is a veterinarian licensed to practice in Missouri. During the relevant time frame, he was a salaried employee of TII. It had obtained worker's compensation insurance for its employees through Grinnell Mutual Reinsurance.

Auction conducted a weekly livestock sale in Lebanon, Missouri. It had obtained worker's compensation insurance through AIG Claims Services. As required by state law, Auction had obtained a license to operate a livestock market. One duty imposed on Auction as a licensee was to obtain a veterinary inspection of all livestock offered for sale. Claimant performed the veterinary inspections for Auction. The fees for his services were remitted to his employer, TII, and deposited in its bank account.

On January 14, 2006, Claimant was injured while working at Auction. While Claimant was in the process of providing veterinary services, a cow smashed his left hand between her head and a wooden post. This injury resulted in the amputations of the distal joint of Claimant's left thumb and his entire left index finger. The proximal joint of his left middle finger required an open reduction and internal fixation.

A report of injury was filed by TII. The report listed TII as employer and Claimant as a full-time regular employee. Thereafter, he filed a claim for compensation listing TII as the only employer. After TII denied that it was Claimant's employer, however, Claimant filed an amended claim listing both TII and Auction as employers. Each denied that it employed Claimant. TII later filed a motion for indemnity or contribution from Auction.

In August 2007, a hearing was held before the administrative law judge (ALJ). The parties stipulated that the obligations of TII and Auction under the Missouri Worker's Compensation Law were fully insured by their respective insurers. After hearing the evidence, the ALJ found that Claimant was an employee of TII and was acting in the scope and course of such employment when he was injured. The ALJ also found that Auction was neither the direct employer nor a statutory employer of Claimant. TII's claim for indemnity or contribution was denied. The ALJ determined that TII was obligated to pay Claimant's past medical expenses, and he was awarded benefits for temporary total disability, permanent partial disability and disfigurement. In the Commission's final award, it reversed the temporary total disability award. In all other respects, the Commission adopted the ALJ's findings, conclusions, decision and award. TII appealed.

This Court reviews the findings and award of the Commission. *Martin v. Town and Country Supermarkets*, 220 S.W.3d 836, 843 (Mo.App.2007). With one exception, the Commission affirmed and adopted the findings and conclusions of the ALJ. Therefore, we review the ALJ's findings and conclusions on all issues except the determination of Claimant's entitlement to temporary total disability benefits. *Id.* All of TII's points on appeal contend the Commission erred by misapplying the law. An appellate court reviews questions of law *de novo*. *Endicott v. Display Technologies, Inc.*, 77 S.W.3d 612, 615 (Mo.

---

1. All references to statutes are to RSMo Cum. Supp. (2005).

banc 2002); *Johnson v. Denton Constr. Co.*, 911 S.W.2d 286, 287 (Mo. banc 1995).

As TII concedes in its brief, the real issue presented by this appeal is whether TII or Auction is primarily liable to pay Claimant's worker's compensation benefits. The Commission determined that primary liability rested with TII. In TII's first two points, it contends the Commission misapplied the law when it concluded that Auction was not the statutory employer of Claimant pursuant to § 287.040.1. In TII's third point, it contends the Commission erred by not ordering indemnification pursuant to § 287.040.3. Because the last point is dispositive of the entire appeal, we address it first.

For the purpose of addressing Point III, we will assume (without so deciding) that Auction was the statutory employer of Claimant. We also note that the Commission found: (1) Claimant was the direct employee of TII; and (2) TII's worker's compensation liability was fully insured. None of TII's points on appeal challenge either of these findings.

TII's claim for indemnity is based upon § 287.040.3. This subsection determines the order of liabilities when more than one party is potentially liable to pay worker's compensation benefits to an employee. *See State ex rel. MSX Int'l., Inc. v. Dolan,* 38 S.W.3d 427, 430 (Mo. banc 2001); *Augur v. Norfolk Southern Ry. Co.*, 154 S.W.3d 510, 517 n. 6 (Mo.App.2005); *Chouteau v. Netco Constr. Co.*, 132 S.W.3d 328, 335 (Mo.App.2004). Section 287.040.3 states:

> In all cases mentioned in [§ 287.040.1 and § 287.040.2], *the immediate contractor* or subcontractor *shall be liable as an employer of the employees of his subcontractors.* All persons so liable may be made parties to the proceedings on the application of any party. *The liability of the immediate employer shall be*

*primary, and that of the others secondary in their order,* and any compensation paid by those secondarily liable may be recovered from those primarily liable, with attorney's fees and expenses of the suit. Such recovery may be had on motion in the original proceedings. *No such employer shall be liable as in this section provided, if the employee was insured by his immediate* or any intermediate *employer.*

(Italics added.) TII argues that it is entitled to indemnity because Auction is Claimant's immediate employer and, as such, is primarily liable to pay Claimant's worker's compensation benefits. This Court disagrees.

In *Bunner v. Patti,* 343 Mo. 274, 121 S.W.2d 153 (1938), the plaintiff was an employee of a subcontractor working on the erection of a municipal auditorium. The defendants were the general contractors on that job. Their employees' negligence had resulted in the plaintiff's injuries. All parties were operating under the worker's compensation law, and the plaintiff had collected compensation from the subcontractor who was his immediate employer. *Id.* at 153. In order to address the statutory immunity arguments asserted by defendants, our Supreme Court was required to interpret subsection (d) of § 3308 RSMo (1929). This subsection contained language identical to that now contained in § 287.040.3. The appellate court began its analysis by noting that the word "immediate" was used three times in subsection (d). *Id.* at 155. The court determined that the phrase "immediate contractor" referred to the contractor "directly connected with the job or division thereof involved in the accident." *Id.* The court also determined, however, that the phrase "immediate employer" used the second and third times in that subsection "plainly enough signifies the direct employer of the

injured employee." *Id.* The court concluded that the general contractors, as plaintiff's remote employers, would have been secondarily liable to plaintiff under subsection (d). Because plaintiff's immediate (i.e., direct) employer carried worker's compensation insurance, the general contractors were exempted from such liability by the last sentence of subsection (d). *Id.* The immediate employer was the one primarily liable. *Id.* at 157.

■ In the case at bar, the Commission found that TII was the direct employer of Claimant. Therefore, TII was Claimant's "immediate employer" within the meaning of § 287.040.3. *Bunner,* 121 S.W.2d at 155–57. Even assuming Auction was a statutory employer, it was only Claimant's remote employer. *See Anderson v. Steurer,* 391 S.W.2d 839, 846 (Mo.1965). As Claimant's fully insured immediate employer, TII was primarily liable to pay Claimant's worker's compensation benefits. *See id.* at 844–45; *Bunner,* 121 S.W.2d at 155–57; *Augur,* 154 S.W.3d at 517 n. 6; *Wilson v. C.C. Southern, Inc.,* 140 S.W.3d 115, 119 (Mo.App. 2004); *Chouteau,* 132 S.W.3d at 335–37; *Sexton v. Jenkins & Associates, Inc.,* 41 S.W.3d 1, 6 (Mo.App.2000); *New Amsterdam Cas. Co. v. Boaz–Kiel Constr. Co.,* 115 F.2d 950, 952 (8th Cir.1940). Accordingly, the Commission did not err in denying TII's request for indemnity from Auction. Point III is denied. In light of this Court's disposition of Point III, Points I and II are moot and need not be addressed.

The Commission's final award of compensation to Claimant is affirmed.

BARNEY, J., and SCOTT, P.J., Concur.